Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile:    (559) 242-2400
E-Mail: kevin@kevinglittle.com

Attorneys for Plaintiff Tara Elaine Bender

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| TARA ELAINE BENDER, | Case No.:  1:l8-cv-01168-NONE-BAM |
| Plaintiff, | **THIRD STIPULATION AND ORDER TO EXTEND TIME TO COMPLETE PLAINTIFF'S DEPOSITION AND TO CONTINUE PRE-TRIAL DEADLINES AND TRIAL IN LIGHT OF COVID-19 PANDEMIC** |
| v. | |
| J. OROZCO, | |
| Defendants. | |

The parties, by and through their respective attorneys, and pursuant to Local Rules 143 and 144, stipulate as follows:

RECITALS:

1. On February 14, 2019, the Court issued its Scheduling Order. ECF No. 19.

2. On March 2, 2020, the Court held an informal telephone conference off the record to address the deposition of Plaintiff Tara Elaine Bender, which was cancelled due to unspecified medical reasons, and the discovery deadlines in this action. Pursuant to the agreement of the parties, Plaintiff's deposition was rescheduled for March 31, 2020 in Fresno, California. All deadlines in the Court's Scheduling Order were continued sixty (60) days as follows: Expert Disclosure - June 2, 2020; Supplemental Expert Disclosure - July 21, 2020; Non-Expert Discovery - March 31, 2020; Expert Discovery - August 25, 2020; and Pretrial Motion Filing Deadline - September 15, 2020. The Pretrial Conference was continued to 12/17/2020 at 09:00 AM in Courtroom 4 (DAD) before District

1

1  Judge Dale A. Drozd and the Jury Trial was continued to 2/9/2021 at 08:30 AM in Courtroom 4
2  (DAD) before District Judge Dale A. Drozd. ECF No. 30.
3      3.   The court has issued General Orders addressing the national, regional and local public
4  health emergency posed by the coronavirus (COVID-19) outbreak. General Order Nos. 610-611.
5  Since the issuance of the court's prior orders circumstances related to the outbreak have continued to
6  quickly evolve, with state and local public agencies instituting further enhanced measures to manage
7  the spread of the virus and limit the potential for the illness and death it can cause. General Order
8  No. 612.
9      4.   On March 16, 2020, in response to COVID-19, the Health Officer of the County of
10 Alameda directed all individuals living in the County to shelter at their place of residence, and
11 directed all businesses to cease non-essential operations in the County, with certain exceptions.
12 Counsel for defendant reside in Alameda County.
13     5.   On March 19, 2020, in response to COVID-19, the California State Public Health
14 Officer and Director of the California Department of Public Health ordered all individuals living in
15 the State of California to stay home or at their place of residence, except for essential needs as
16 needed to maintain continuity of operation of the federal critical infrastructure sectors.
17     6.   In response to the directions of the State and County Health Officers, many counsel
18 and staff of the law firms representing the parties have been working remotely since mid-March
19 2020.
20     7.   On March 30, 2020, and pursuant to the stipulation of the parties, the deadline to
21 complete Plaintiff's deposition was continued to June 29, 2020; All deadlines in the Court's
22 Scheduling Order were continued sixty (60) days as follows Expert Disclosure – August 31, 2020;
23 Supplemental Expert Disclosure – October 19, 2020; Non-Expert Discovery – June 29, 2020; Expert
24 Discovery – November 23, 2020; and Pretrial Motion Filing Deadline – December 14, 2020. The
25 Pretrial Conference was continued to 3/17/2021 at 09:00 AM in Courtroom 4 (DAD) before District
26 Judge Dale A. Drozd and the Jury Trial was continued to 5/11/2021 at 08:30 AM in Courtroom 4
27 (DAD) before District Judge Dale A. Drozd.
28

8. On or about June 26, 2020, counsel for the parties agreed and requested an enlargement of time for approximately ninety (90) days as to each of the existing discovery deadlines, as well as the pre-trial conference and trial dates in this matter in light of the COVID-19 pandemic.

9. On or about July 2, 2020, counsel for the parties agreed to amend the Second Stipulation (ECF No. 34) to correct deadlines that were erroneously set on Sundays due to defense counsel's error. The amended deadline to complete Plaintiff's deposition was continued to September 28, 2020; Expert Disclosure – November 30, 2020; Supplemental Expert Disclosure – January 19, 2021; Non-Expert Discovery – September 28, 2020; Expert Discovery – February 22, 2021; and Pretrial Motion Filing Deadline – March 8, 2021. The Pretrial Conference was continued to June 18, 2021 at 1:30 p.m. in Dept 4 (NONE) and the Jury Trial was continued to August 10, 2021 at 8:30 a.m. in Dept 4 (NONE). (ECF No. 36.)

10. The parties agreed to set the deposition of the Plaintiff on September 18, 2020; however, prior to that time, Plaintiff was incarcerated and was expected to be in custody at the time of her September 18 deposition. Plaintiff's counsel notified Defendants' counsel of Plaintiff's unavailability, and the deposition was cancelled.

11. Plaintiff has been released from custody, but her deposition has not yet been rescheduled, and on or about September 24, 2020, counsel for the parties agreed, and respectfully request, an enlargement of time for approximately one hundred eighty (180) days as to each of the existing discovery deadlines, as well as the pre-trial conference and trial dates in this matter in light of the Plaintiff's current and future unavailability for deposition.

IT IS SO STIPULATED.

Dated:   September 25, 2020              ANDRADA & ASSOCIATES

                                         By  */s/ Lynne G. Stocker*
                                             LYNNE G. STOCKER
                                             Attorneys for Defendant
                                             J. OROZCO

Dated:     September 25, 2020                         LAW OFFICE OF KEVIN G. LITTLE


                                                      By:  ___*/s/ Kevin G. Little*___
                                                              Kevin G. Little
                                                              Attorneys for Plaintiff Tara Bender


I hereby attest that concurrence in the filing of the foregoing document has been obtained from each of the other Signatories.

                                                      */s/ Kevin G. Little*
                                                      _____


## **ORDER**

The parties' stipulation does not adequately explain why a continuance of one hundred and eighty (180) days is necessary.  *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The Court therefore finds good cause to partially grant and partially deny the parties' request to modify the Scheduling Order in this action.  To accommodate the Court's calendar and in light of the Standing Order issued by District Judge Dale A. Drozd (Doc. No. 25-1), the Scheduling Order (Doc. No. 19) is modified as follows:

| | |
|---|---|
| Expert Disclosure: | January 29, 2021 |
| Supplemental Expert Disclosure: | March 19, 2021 |
| Non-Expert Discovery Cutoff: | November 27, 2020 |
| Expert Discovery Cutoff: | April 23, 2021 |
| Pretrial Motion Filing Deadline: | May 7, 2021 |
| Pretrial Conf: | **November 19, 2021**<br>**1:30 p.m.**<br>Dept 4 (NONE) |

Trial:  **January 18, 2022**
**8:30 a.m.**
Dept 4 (NONE)

Plaintiff's deposition shall be re-noticed for a mutually convenient date on or before November 27, 2020. The remainder of the parties' request is denied without prejudice and all other deadlines set forth in the Scheduling Order remain unchanged.

The Court notes that this is the fourth request and the third stipulation to modify the Scheduling Order in this case. (*See* Doc. Nos. 30, 31, 33, 35.) The parties are cautioned that further modifications of the Scheduling Order will not be granted absent a demonstrated showing of good cause, which will be narrowly construed.  Fed. R. Civ. P. 16(b). Good cause may consist of the inability to comply with court orders in light of the COVID-19 pandemic.  Any such future difficulties should be explained.

IT IS SO ORDERED.

Dated: **September 30, 2020**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

5