UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA ELAINE BENDER,<br><br>       Plaintiff,<br><br>   v.<br><br>J. OROZCO,<br><br>       Defendant. | Case No. 1:18-cv-01168-NONE-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER**<br><br>(Doc. 53) |

Pending before the Court is Defendant Officer J. Orozco's motion to dismiss this action based on Plaintiff Tara Elaine Bender's failure to prosecute and failure to obey court orders filed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110. (Doc. 53.) The matter was heard on June 18, 2021, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Michelle Tostenrude specially appeared by telephone on behalf of Plaintiff Tara Bender. Plaintiff Tara Bender did not appear. Counsel Lynne Stocker appeared by telephone on behalf of Defendant J. Orozco.

Having considered the moving papers, arguments and record in this action, the Court will recommend that Defendant's motion to dismiss be GRANTED.

## **BACKGROUND**

On August 27, 2018, Plaintiff filed the instant civil rights alleging excessive force and retaliation arising from an August 2, 2017 incident. (Doc. Nos. 1; 8; 39 at ¶ 2.)

On February 14, 2019, the Court issued a Scheduling Order, which set initial pretrial

discovery and trial deadlines. (Doc. No. 19.)

On March 2, 2020, the Court held an informal discovery dispute conference following cancellation of Plaintiff's deposition due to Plaintiff's unspecified medical reasons. (Doc. 30.) After considering informal briefing and the parties' arguments, the Court continued all deadlines in the Scheduling Order sixty (60) days. The Court also directed Defendant to re-notice Plaintiff's deposition for March 31, 2020. (*Id.*)

On March 30, 2020, due to restrictions resulting from the COVID-19 pandemic, and pursuant to the parties' stipulation, the Court extended the deadline to complete Plaintiff's deposition to June 29, 2020. (Doc. 32.) The Court also extended all discovery deadlines, the pretrial conference and the trial an additional ninety (90) days. (*Id.*)

On June 26, 2020, again due to COVID-19 restrictions, and pursuant to the parties' stipulation, the Court extended the deadline to complete Plaintiff's deposition to September 27, 2020. (Doc. 34.) The Court also extended all discovery deadlines, the pretrial conference and the trial an additional ninety (90) days. (*Id.*)

On July 6, 2020, the Court granted the parties' amended stipulation to correct dates erroneously scheduled for Sundays. (Doc. 36.) The Court re-set the deadline to complete Plaintiff's deposition to September 28, 2020, and modified the Scheduling Order. (*Id.*)

On September 25, 2020, the parties filed a stipulation requesting an extension of time to complete Plaintiff's deposition, along with a corresponding request to extend the existing discovery deadlines and pretrial and trial dates an additional one-hundred eighty (180) days. (Doc. 37.) The parties explained that Plaintiff's deposition had been set for September 18, 2020, but prior to that time, Plaintiff was incarcerated and was expected to be in custody at the time of her September 18 deposition. The parties therefore canceled the deposition. Although Plaintiff had been released from custody, the parties had not yet rescheduled the deposition, partially due to COVID but mostly because "of the Plaintiff's current and future unavailability for deposition." (*Id.*)

The Court partially granted the parties' stipulation on October 1, 2020, modifying the Scheduling Order and directing that Plaintiff's deposition be re-noticed for a mutually

convenient date on or before November 27, 2020. (Doc. 38.) The Court noted that it was the parties' fourth request because "of the Plaintiff's current and future unavailability for deposition" and third stipulation to modify the Scheduling Order and cautioned the parties that further extensions of time would not be granted absent a demonstrated showing of good cause. (*Id.* at 5.)

On December 1, 2020, Plaintiff's counsel filed a motion to withdraw as attorney of record. (Doc. 39.) Counsel sought to withdraw due to Plaintiff's "absconding from her deposition after only 20 minutes, and her general failure to communicate with, be available to, and follow the advice of Plaintiff's counsel," making it unreasonably difficult for counsel to carry out effective representation. (*Id.* at 1.) Counsel explained that as a result of Plaintiff's medical and personal circumstances, her deposition was rescheduled five times over a span of approximately 18 months. (*Id.* at 2.) Plaintiff's deposition was scheduled to go forward pursuant to the Fifth Amended Notice of Deposition on November 23, 2020. She was to be deposed remotely, with Plaintiff in the Salt Lake City, Utah area, and with counsel and the court reporter at their respective offices, and with all utilizing the Zoom application. (Doc. 39, Declaration of Kevin G. Little ("Little Decl.") at ¶ 4.) Because Plaintiff had no established residence in Utah and no access to reliable wireless internet, arrangements were made at Plaintiff's counsel's expense for Plaintiff to rent a room in a hotel with reliable wi-fi. Advances were provided sufficient to pay for the room so that the deposition should have been able to proceed without interruption in the rented room. (*Id.* at ¶ 5.)

According to Plaintiff's counsel, during the deposition, which commenced on time, Plaintiff began acting erratically and was clearly distracted by, and at times communicating with, another person who was seemingly also occupying her hotel room. Plaintiff also many times partially obscured her device's camera with a body part, seeming her foot, and had to be asked repeatedly to relocate her device. Plaintiff then – after about only 20 minutes of testimony – announced that she needed to change hotel rooms. A recess was then taken for that purpose. (*Id.* at ¶ 6.) Plaintiff never returned from the recess to recommence her deposition. (*Id.* at ¶ 7.)

On January 6, 2021, the Court held a hearing on the motion for leave to withdraw. To

allow additional time for counsel to communicate with Plaintiff, the Court continued the hearing and directed counsel to file a status report regarding the motion to withdraw. (Doc. 45.)

On January 18, 2021, Plaintiff's counsel filed a status report, which indicated that Plaintiff had contacted her counsel and expressed a desire to continue with the case. (Doc. 47.) Counsel represented in the report that if Plaintiff appeared at the continued hearing and agreed to abide by the Court's orders, then Plaintiff's counsel would withdraw the pending motion for leave to withdraw as counsel and would remain on the case. Alternatively, if Plaintiff failed to appear, then Plaintiff's counsel would request a ruling on the pending motion to withdraw. (*Id.*)

On January 21, 2021, the Court held a continued hearing on counsel's motion to withdraw. Plaintiff and her counsel appeared at the hearing. Based on Plaintiff's appearance and her counsel's representations, the Court indicated its willingness to allow Plaintiff to proceed with counsel, subject to Plaintiff's compliance with orders of the Court and her cooperation with counsel. The Court acknowledged Defendant's objections and indicated its intent to order Plaintiff to appear for her deposition without the necessity of further notice and to set the matter for a status conference following completion of that deposition. Plaintiff was cautioned that if she failed to appear for her deposition or failed to comply with any related orders of the Court, then the Court would recommend dismissal of this action for failure to prosecute and failure to comply with Court orders. At the request of Plaintiff's counsel, the Court granted withdrawal of the pending motion for leave to withdraw. (Doc. 49.)

In its January 21, 2021 order granting counsel's request to withdraw the pending motion, the Court expressly ordered Plaintiff to appear for her video deposition on April 7, 2021. She was further ordered to "appear and remain at her April 7, 2021 deposition until it [was] completed," to "meaningfully participate in the deposition by answering all deposition questions unless instructed not to answer by counsel," and to remain in contact with counsel and to participate in the prosecution of this action. (Doc. 49 at 3.) The Court further admonished Plaintiff that her failure to appear for the April 7, 2021 deposition or her failure to comply with any orders of the Court would result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with Court orders. As a final matter, the Court set a status

conference for April 13, 2021, to address scheduling of this action. (*Id.*)

On April 13, 2021, the Court held a status conference. At the conference, the parties reported that Plaintiff had appeared for her deposition by video conference as required by court order, but the deposition was suspended due to connectivity issues. The parties anticipated completion of the deposition within thirty (30) days and agreed to meet and confer regarding a date, time and location for its completion. (Doc. 52.)

On May 18, 2021, more than thirty days after the status conference, Defendant filed the instant motion to dismiss the action for Plaintiff's failure to prosecute and failure to comply with court orders. (Doc. 53.) Defendant contends that this case "should be dismissed for failure to prosecute, based on Plaintiff's repeated failure to appear for her scheduled deposition and her failure to allow the deposition to proceed to its conclusion when she did appear, and her failure to comply with a Court Order to appear." (*Id.* at 3.)

According to the motion, Defendant has noticed Plaintiff's deposition on six occasions on dates to which Plaintiff had agreed, but the deposition has not been completed. On the most recent occasion, on May 13, 2021, Defendant arranged for Plaintiff to use space at a court reporter's office in San Diego near where she lives to ensure a better internet connection. Plaintiff's counsel appeared on the record and stated that he did not expect his client to appear for deposition. He also stated that his client was not responding to his attempts to communicate with her. Nevertheless, Defendant's counsel, the court reporter and Plaintiff's counsel waited for twenty minutes but Plaintiff failed to appear. (*Id.* at 5.)

On May 18, 2021, Plaintiff filed an opposition to the motion to dismiss. (Doc. 56.) Plaintiff argues that there is no sound reason to dismiss this action because "the pertinent information suggests that the plaintiff failed to appear for the continuation of her deposition on May 13, 2021 due to an illness that caused her to lose her voice." (*Id.* at 1.) Plaintiff's counsel reports that he was "greatly disappointed that plaintiff failed to appear for the further continuation of her deposition on May 13, 2021, at 1:00 p.m." (*Id.* at 2.) It was not until the evening of May 13, 2021, that he learned that a Virgil Thompson had called and left the following message on earlier that morning:

> This is Virgil Thompson, and I am calling for Tara Bender. She has a deposition today. She's been sick for a couple of days and she has no voice whatsoever. If you could have Mr. Little call me back …., I'd appreciate it. Thank you.

(*Id.* at 2; and Supporting Declaration of Kevin G. Little at ¶ 7.) Plaintiff's counsel argues that because it appears that Plaintiff failed to appear for her continued deposition due to illness, then her case should not be dismissed.

On May 24, 2021, Defendant filed a reply in support of the motion to dismiss. (Doc. 60.) Defendant primarily argues that Plaintiff has not met her burden of proof that she has prosecuted this action with reasonable diligence and that she has not failed to comply with a court order. In particular, Defendant asserts that Plaintiff's opposition relies on insufficient evidence, namely "an inadmissible voice message from an unknown person about Plaintiff's purported inability to appear for deposition." (*Id.* at 2.) Defendant also challenges the statements made by Plaintiff's counsel that he was unaware of the voice mail until after the deposition. According to Defendant, Plaintiff's counsel reportedly explained to defense counsel and the court reporter that "he did not think that his client would be showing up for her deposition" and "that an unknown man had called him that day and left a voice message to the effect that Plaintiff was not feeling well and would not be showing up for the deposition." (*Id.*) Plaintiff's counsel also stated that "he had tried to return the call from the unknown man to no avail and that his client had not responded to his attempts to reach her." (*Id.*) Defense counsel submits her contemporaneous notes to support these statements, which state: "Kevin doesn't think Tara will be showing up to depo unknown man called him today Tara not feeling well . . . ." (Doc. 60-1, Ex. A.)

According the deposition transcript, Plaintiff's counsel stated on the record as follows:

> I received some communications last night from [Ms. Bender], and then some earlier today from a male on her behalf indicating that she was not going to be able to show up. I have tried to contact back both of those people repeatedly without success.

(Doc. 60-2, Ex. B, Reporter's Affidavit.) Defendant contends that these statements contradict counsel's declaration that it was "not until the evening of May 13, 2021" when he leaned Virgil Thompson had called his office.

On May 25, 2021, Plaintiff's counsel filed a declaration in response to Defendant's reply brief. (Doc. 62.) He reports that he received Facebook messages from his client and texts from someone who professed to be her boyfriend on May 12 and May 13, 2021 saying she did not feel well and could not make it to her deposition. Counsel responded to both indicating that his client needed to appear for her deposition as scheduled. He did not get a response at the boyfriend's phone number or from his client via Facebook on May 13, 2021. (*Id.* at ¶ 2.) Plaintiff's counsel reports that he did not listen to the voicemail to his office number "until well after the May 13, 2021 deposition had been canceled" and learned that his client had reportedly lost her voice and was unable to speak. This information was not provided in the Facebook messages or texts. Counsel declares that if he had known that his client had allegedly lost her voice, then he would have told defense counsel. (*Id.* at ¶ 4.) Counsel does not believe that he ever said his client, or her boyfriend had called him, but that he had been contacted by or had communications with them. Counsel posits that defense counsel's notes reflect what she understood, but not what Plaintiff's counsel recalls that he said. (*Id.* at ¶ 6.) Plaintiff's counsel requests that the Court make its own inquiry of his client as he does not have personal knowledge of her condition on May 13, 2021. (*Id.* at ¶ 7.) Plaintiff's counsel submits Facebook and text messages in support of his declaration. (Attachments to Doc. 62.) Plaintiff has not submitted a declaration signed under penalty of perjury explaining the circumstances of her failure to appear on May 13, 2021.

## **DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Relatedly, the Local Rules of the Eastern District of California dictate that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

Additionally, "broad sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery." *Shehee v. Perez*, No. 1:16-cv-01346-AWI-BAM (PC), 2020 WL 4586278, at *2 (E.D. Cal. Aug. 10, 2020), report and recommendation adopted, No. 1:16-cv-01346-AWI-BAM (PC), 2020 WL 5412261 (E.D. Cal. Sept. 9, 2020). Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). Dismissal "is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal quotations and citation omitted).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988); *accord In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). Prejudice and availability of less drastic sanctions "are decisive." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) ("Thus the key factors are prejudice and availability of lesser sanctions."). However, "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Engineers*, 158 F.3d at 1057.

According to the record before this Court, Plaintiff has not appeared for or allowed the

completion of her deposition since at least February 2020.  Despite the Court's repeated efforts, including forestalling withdrawal of Plaintiff's counsel, extending the relevant non-expert discovery deadline, and warning Plaintiff of the potential consequences of her failure to appear for and complete her deposition, Plaintiff has not yet completed her deposition after more than a year.  This action cannot proceed without Plaintiff's cooperation and compliance with the Court's orders and Local Rules.  Moreover, Plaintiff's repeated failure to appear for and complete her deposition has consumed the Court's limited time and resources, which could have been devoted to other cases on the Court's docket.  The Court cannot effectively manage its docket if Plaintiff ceases participating in this case.  The Court also cannot hold this case in abeyance awaiting compliance by Plaintiff.  Given Plaintiff's failure to complete her deposition for more than a year, even while accounting for her previous undisclosed illness and delays occasioned by COVID-19, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Plaintiff's repeated failure to communicate with her counsel and to allow for completion of her deposition have impaired Defendant's ability to investigate and defend against Plaintiff's allegations. Defendant has made extraordinary efforts to complete the deposition to no avail.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  As evidenced above, the record is replete with examples of Plaintiff's

conduct, which has impeded the progress of this case toward disposition on the merits. "When a case has stalled or is unreasonably delayed by a party's failure to comply with deadlines and discovery obligations, the case cannot move toward resolution on the merits." *Shehee*, 2020 WL 4586278, at *3.

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's January 21, 2021 order expressly ordered Plaintiff to appear and remain at her deposition until was concluded, meaningfully participate in the deposition, remain in contact with counsel and participate in the prosecution of this action. The Court warned Plaintiff that her failure to comply with any orders of the Court would result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with Court orders. (Doc. 49 at 3.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

## CONCLUSION AND RECOMMENDATION

For these reasons, the Court finds that terminating sanctions are justified. Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss (Doc. 53) be GRANTED based on Plaintiff's failure to prosecute and failure to comply with Court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __June 30, 2021__          ___/s/ Barbara A. McAuliffe___
                                  UNITED STATES MAGISTRATE JUDGE

10